**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――――

**No. 22-4643**

―――――――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

MICHAEL D. WHITAKER,

        Defendant - Appellant.

―――――――――――――

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:15-cr-00533-BHH-5)

―――――――――――――

Submitted:  January 26, 2024                    Decided:  January 31, 2024

―――――――――――――

Before NIEMEYER and THACKER, Circuit Judges, and MOTZ, Senior Circuit Judge.

―――――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――――

**ON BRIEF:** Judea Shechinah Davis, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

―――――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael D. Whitaker appeals the 60-month sentence imposed upon revocation of his supervised release. The sentence was the result of an upward variance and constituted the statutory maximum sentence. On appeal, Whitaker argues that the revocation sentence is plainly unreasonable because the district court failed to consider each of his mitigating arguments and did not adequately explain the chosen sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Thus, we will "affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (internal quotation marks omitted). When reviewing whether a revocation sentence is plainly unreasonable, we first "determine whether the sentence is unreasonable at all." *Id.* (internal quotation marks omitted). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (ellipses and internal quotation marks omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *Coston*, 964 F.3d at 297 (internal quotation marks omitted), and if the explanation indicates "that the court considered any potentially

2

meritorious arguments raised by the parties," *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020) (internal quotation marks omitted).

"A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Accordingly, the court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence." *Slappy*, 872 F.3d at 208. A procedural sentencing error is harmless, however, if the government proves "that the error did not have a substantial and injurious effect or influence on the result." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted).

Here, the district court adequately explained its decision to impose an upward variant sentence. And, while the court did not explicitly address several of Whitaker's arguments in mitigation, we conclude that the Government has satisfied its burden of showing that any error is harmless. Whitaker's mitigation arguments based on his full-time employment before his arrest, negative drug tests after testing positive for drugs, and transportation difficulties attending drug and sex offender treatment were not particularly compelling in light of the court's rationale for imposing its chosen sentence. We are thus persuaded that, in this case, the court's failure to expressly acknowledge some of

3

Whitaker's mitigation arguments is harmless. Our review otherwise confirms that Whitaker's sentence is procedurally and substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*